IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 0.19 ACRES OF LAND, OWNED BY ) <br> CLETUS WOODROW BOHON AND ) <br> BEVERLY ANN BOHON, and 2.74 ACRES ) <br> OF LAND, OWNED BY CLETUS ) <br> WOODROW BOHON AND BEVERLY ) <br> ANN BOHON, ) <br> ) <br>    Defendants. ) | Civil Action No. 7:19-cv-00146 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. MVP commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire permanent and temporary easements on numerous properties, including properties located in Montgomery County, owned by the landowners in this case, Cletus and Beverly Bohon, identified as MVP Parcel Nos. VA-MN-5233 and VA-MO-022 (the Property). On March 7, 2018, the court entered orders in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, Case No. 7:17-cv-492 (W.D. Va.) (Dkt. Nos. 546, 552), granting MVP immediate possession of the easements on these properties.

On November 30, 2020, the court issued an opinion granting in part and denying in part MVP's first motion in limine. The court granted MVP's motion to exclude evidence of fear of pipelines and claims that many buyers would not purchase the property because of the Pipeline; claims that the Pipeline is dangerous or unsafe and evidence of other pipeline accidents or incidents; evidence of alleged impact and possible damages from construction; evidence of settlement offers and communications; and evidence of amounts paid for easements on other properties. (Dkt. No.

42.) The court also granted MVP's motion to exclude testimony by landowner expert Dennis Gruelle about the fear associated with gas pipelines and the impact of temporary construction. (*Id.*)

Now before the court are the following: (1) MVP's second motion in limine to exclude testimony by Dennis Gruelle (Dkt. No. 35); (2) MVP's motion to exclude the first appraisal of Dennis Gruelle and for summary judgment (Dkt. No. 49); and (3) the landowners' motion in limine to exclude the appraisal opinion of Joseph Thompson (incorrectly referred to as Dennis Thompson in the motion) (Dkt. No. 53). The court held a hearing on the first motion on May 3, 2022. (Dkt. No. 47.) The court held a hearing on the latter two motions on May 18, 2022. (Dkt. No. 61.) On May 20, 2022, the court issued an order continuing the trial generally so the court could consider the pending motions. (Dkt. No. 63.)

For the reasons that follow, MVP's second motion in limine will be granted, MVP's motion to exclude Gruelle's first appraisal and for summary judgment will be granted, and the landowners' motion to exclude Thompson's appraisal will be denied.

## I. BACKGROUND

In 2015, landowner Cletus Bohon agreed to buy a 39.848-acre tract by deed of boundary line adjustment. (Dkt. No. 50-2.) This acreage adjoined a 33.407-acre tract acquired by the landowners in 2003. (Dkt. No. 50-1.) The adjoining 39.848 acres was owned by John Michael Turman and other heirs of G.M. Burris. The property was the subject of a partition case in the Circuit Court of Montgomery County, Virginia. Case No. CL13-013122.

When the MVP project was announced, the proposed route went through both the 33.407-acre tract and the 39.848-acre tract. (Dkt. Nos. 1-65 and 1-66 in Case No. 7:17-cv-492.) To address the project, Bohon and Turman entered into a Settlement Agreement, dated August 11, 2017. (Dkt. No. 50-4.) Under this agreement, the parties agreed that Turman would retain the

proceeds of the pipeline easement and Bohon would get the 39.848 acres for no monetary payment. (*Id.*)

Meanwhile, MVP reached an agreement with Turman to acquire an easement over the 39.848 acres. On October 13, 2017, the Circuit Court of Montgomery County approved the conveyance of the easement to MVP as part of the partition case. (Dkt. No. 53-1.) This was the same date that the Federal Energy Regulatory Commission (FERC) issued an order for MVP to construct, maintain, and operate a natural gas pipeline along a route that includes the Property. On February 22, 2018, the special commissioners in the partition case conveyed the easement to MVP. (Pipeline and Road Right of Way and Easement Agreement, Dkt. No. 41-2.) The deed was signed by the special commissioners on February 23, 2018, and March 6, 2018. (*Id.*) However, the deed was not delivered or recorded by MVP until March 13, 2018. (*Id.*)

In this court, on October 24, 2017, MVP filed an action to condemn easements along the Approved Route on the Property (Easements) under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f. On October 27, 2017, MVP moved for partial summary judgment that it is authorized to condemn the Easements and a preliminary injunction granting immediate possession for construction. On January 31, 2018, the court issued a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security. On March 7, 2018, the court set deposits and bonds for the Property and granted MVP immediate possession of the Easements effective upon making the required deposit and posting the required bond. This included orders granting MVP immediate possession of the 33.407-acre tract owned by the Bohons and the 39.848-acre tract that the Bohons were acquiring from Turman. (Dkt. Nos. 545 and 546 in Case No. 7:17-cv-492.) Later, MVP obtained an amended order granting immediate possession of VA-MO-022.

(Dkt. No. 1071 in Case No. 7:17-cv-492.)  The court made a slight adjustment in the route over the Bohon property and granted MVP immediate possession of the revised route.  The order shows the boundary line adjustment that resulted in VA-MO-022 becoming a 72.184-acre tract, and it shows the easement area previously acquired from the special commissioners.  (*Id.*)

In a deed that was dated March 6, 2018, and recorded March 20, 2018, the special commissioners conveyed the 39.848 acres to the Bohons.  (Deed of Boundary Line Adjustment, Dkt. No. 50-5.)  The deed states that it is subject to prior easements, and the plat that accompanied the deed shows the MVP pipeline on the property that Bohon acquired.  (Dkt. No. 56-2.)  On April 19, 2018, the Circuit Court of Montgomery County entered an order reciting the transactions and approving the deeds by the special commissioners to MVP and the Bohons.  (Dkt. No. 56-3.)

As noted, MVP Parcel No. VA-MO-022 is a 72.184-acre tract.  MVP Parcel No. VA-MN-5233 is a 10.093-acre tract.  MVP is taking temporary workspace of 1.65 acres and a permanent easement of 1.09 acres, for a total of 2.74 acres over MVP Parcel No. VA-MO-022.  MVP is also taking a temporary access easement of 0.19 acres over MVP Parcel No. VA-MN-5233.

On December 19, 2019, Gruelle issued his first expert appraisal report.  (Dkt. No. 41-1.)  Gruelle found that the before value of the Property was $300,935 and the after value of the Property was $177,628, for a total diminution in value of $123,307.  Gruelle valued a total of 90.774 acres consisting of four separate parcels: (1) MVP Parcel No. VA-MO-022 (the 72.184-acre tract that included the former Turman tract), (2) MVP Parcel No. VA-MN-5233 (the 10.093-acre tract), (3) a 7-acre tract, and (4) a 1.5-acre tract.  The latter two tracts are not contiguous with Parcel Nos. VA-MO-022 or VA-MN-5233.  Gruelle valued the four parcels together as part of the larger parcel.  In this report, he did not take into consideration the easement on the former Turman property that MVP had already acquired.

Gruelle issued a second report on January 13, 2020. (Dkt. No. 11-1.) In this report, Gruelle valued the same four parcels; however, with respect to Parcel No. VA-MO-022, Gruelle ignored the existence of the former Turman tract and only valued 32.336 of the 72.184 acres, for a total of 51.766 acres. This included a smaller first parcel of 32.336 acres, plus the remaining parcels (10.093 acres, 7 acres, 1.5 acres). Gruelle again valued these parcels together as part of the larger parcel. Gruelle found a total diminution of $84,299. (*Id.* at 38.) Gruelle corrected and revised the original appraisal because he had not accounted for the fact that MVP had acquired an easement over a portion of the property (former Turman tract) before it was deeded to Bohon. At the hearing on MVP's second motion in limine and in what appears to be a brazen attempt to have MVP pay for the same easement twice, landowners stated that they were withdrawing the corrected and revised report (the second report) and relying on Gruelle's first report.

MVP's expert, Joseph Thompson, appraised the larger parcel as MVP Parcel No. VA-MO-022 (72.184-acre tract that included the former Turman tract) and MVP Parcel No. VA-MN-5233 (10.093-acre tract), without the two lower tracts, and found a $20,000 diminution of value based on a before value of $175,000 and an after value of $155,000, plus $953 for the rental value of temporary workspace. (Dkt. No. 41-3.) Thompson's report acknowledged that a portion of VA-MO-022 was already encumbered by the pipeline easement before the taking. (*Id.* at 31 of 69.) Thompson adjusted each of his comparable sales downward by 5% to account for the pre-existing encumbrance. (*Id.* at 55 of 69.) In his after-taking analysis, Thompson applied an additional 10% adjustment to his comparable sales to reflect the additional easements taken by MVP. (*Id.* at 66 of 69.)

II. DISCUSSION

A. **Expert testimony**

Federal Rule of Evidence 702 and the standards established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern admissibility of expert testimony. Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

After ensuring that an individual qualifies as an expert, this court has an obligation under *Daubert* to act as a gatekeeper and ensure that any testimony concerning scientific, technical, or other specialized knowledge offered in support of a party's claim is "not only relevant, but reliable." 509 U.S. at 589; *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting same). The proponent of the testimony must establish its admissibility, although it need not prove its expert's theory is correct. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001); *Md. Cas. Co. v. Therm–O–Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998). First, the trial court must ask whether proffered scientific evidence is valid and reliable. *United States v. Barnette*, 211 F.3d 803, 815 (4th Cir. 2000). Second, the court asks whether the evidence will help the trier of fact, which is generally a question of relevance, or "fit." The court must ask if, assuming the evidence is reliable, it will "assist the trier of fact to understand or determine a fact in issue." *Md. Cas. Co.*, 137 F.3d at 783 (quoting *Daubert*, 509 U.S. at 592).

6

The court's role in limiting expert testimony is important: "due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading." *Cooper*, 259 F.3d at 199 (citations omitted). Indeed, "given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). Importantly, "[t]he gatekeeping role of the district court is particularly pronounced in condemnation proceedings under Rule 71.1." *United States v. 33.92356 Acres of Land*, 585 F.3d 1, 8 (1st Cir. 2009).

**B.  Summary Judgment**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, *set forth specific facts* showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere

speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

As the Fourth Circuit Court of Appeals recently held, parties in condemnation proceedings may move for summary judgment pursuant to Rule 56 because Rule 71.1 does not provide otherwise. *United States v. 8.929 Acres*, 36 F.4th 240, 251-52 (4th Cir. 2022). Summary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken. *See Equitrans, L.P. v. 0.56 Acres*, No. 1:15-cv-106, 2016 WL 3982479, at *1 (W.D.W. Va. July 22, 2016) ("Several courts have granted summary judgment for plaintiffs in condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken.") (collecting cases); *Mountain Valley Pipeline v. 1.89 Acres of Land* (*Briarwood*), Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *3 (W.D. Va. Dec. 2, 2019) (granting motion for summary judgment because without "any indication that these witnesses will testify about market value, there is no basis to find that there is a genuine issue of material fact on the before and after value of Briarwood's property").

**C. MVP's Second Motion in Limine to Exclude Testimony by Gruelle**

When MVP initially filed in second motion in limine, it was relying upon Gruelle's second report, not his first, and seeking to limit Gruelle's testimony in that it omitted the former Turman property and included the two smaller southern tracts. Landowners, in response, relied on the first report. Because of that, MVP addressed the first report in its reply and moves to exclude Gruelle's testimony in his first appraisal report to the extent that it values the two lower tracts. In condemnation proceedings, fair market value is determined by considering the property's "highest and best use," which is the "highest and most profitable use for which the property is adaptable and

8

needed or likely to be needed in the reasonably near future." *Olson v. United States*, 292 U.S. 246, 255 (1935); *see also United States v. 1.604 Acres of Land*, 844 F. Supp. 2d 668, 679 (E.D. Va. 2011); *MVP v. 5.88 Acres (Flora)*, Civil Action No. 7:19-cv-00225, 2021 WL 1235377, at *4 (W.D. Va. Mar. 31, 2021). To determine the highest and best use, the appraiser must analyze whether the use is (1) physically possible, (2) legally permissible, (3) financially feasible, and (4) maximally productive. *1.604 Acres*, 844 F. Supp. at 679.

One of the working rules to do substantial justice in eminent domain proceedings is that "a parcel of land which has been used and treated as an entity shall be so considered in assessing compensation for the taking of part or all of it." *United States v. Miller*, 317 U.S. 369, 374–75 (1943). "The larger parcel may be all of one parcel, part of a parcel, or several parcels, depending to varying degrees on unity of ownership, unity of use, and contiguity." *Atl. Coast Pipeline, LLC v. 0.07 Acres*, 396 F. Supp. 3d 628, 633 (W.D. Va. 2019) (quoting Michael McKinley, Review Theory and Procedures: A Systematic Approach to Review in Real Property Valuation, at 56 (Chicago Appraisal Institute 2015)). In condemnation, the larger parcel is "the tract or tracts of land which are under the beneficial control of a single individual or entity and have the same, or an integrated, highest and best use." *Id.* (quoting J.D. Eaton, Real Estate Valuation in Litigation, at 76 (2d ed. The Appraisal Institute 1995)).

Neither "non-contiguousness" nor "non-use" is fatal to a theory combining separate tracts. *Flora*, 2021 WL 1235377, at *5 (citing *United States v. 105.40 Acres*, 471 F.2d 207, 211 (7th Cir. 1972)). Instead, the "relevant question . . . [is] whether in the 'reasonably near future' there was a 'reasonable probability' of the lands in question being put to their 'highest and best use' in combination with the main tract so as to affect their market value." *105.40 Acres*, 471 F.2d at 211 (quoting *United States v. Powelson*, 319 U.S. 266, 275–76 (1943)). The "reasonable probability of

condemned property being combined with other tracts in the reasonably near future for some unitary use is also the standard applicable for determining whether such a unitary use may be considered the 'highest and best use' of the condemned property." *United States v. Certain Land Situated in the City of Detroit*, 188 F. Supp. 2d 747, 757 (E.D. Mich. 2002).

MVP's appraisal expert, Joseph Thompson, performed a larger parcel analysis. Thompson explains that the smaller southern tracts are not contiguous to the northern tracts, are unimproved, and have separate access from Yellow Finch Lane. (Appraisal Report of Joseph Thompson, Ex. 3 at 38.) Thompson found that the smaller tracts are not part of the larger parcel, but even if they were, it would not change his opinion on just compensation.

Unlike Thompson, Gruelle did not perform a larger parcel analysis. Instead, he perfunctorily states the following:

> **DESCRIPTION FOR IDENTIFICATION**
>
> The subject property contains approximately 90.774 acres of vacant land located on Yellow Finch Road in Montgomery County, Virginia. The Montgomery County tax parcel numbers include 017761 (72.184 acres), 030271 (10.093 acres), 002829 (7 acres) and 02830 (1.5 acres). For the purposes of this appraisal these four parcels are considered to be larger parcel or parent tract. They are under the control of a single individual or entity and have the same, or an integrated, highest and best use. The elements considered include unity of ownership, unity of use and contiguity.

(Dkt. No. 41-1 at 8 of 39.) This is insufficient to establish a factual basis for the conclusion that the lower, non-contiguous tracts can be considered part of the larger parcel for valuation purposes. Moreover, Gruelle determined that the highest and best use is the existing residential use. (*Id.* at 18 of 39.) The southern parcels are not developed for residential use.

At the hearing, the landowners cited a case denying a motion to exclude an expert opinion for failure to perform a larger parcel analysis. *See Atl. Coast Pipeline, LLC v. 0.07 Acre*, 396 F.

10

Supp. 3d 628 (W.D. Va. 2019). The expert in that case, contrary to Mr. Gruelle, had a sufficient analysis of the larger parcel. *Id.* at 648 ("Ray's Report defines the 'subject property' as including three parcels and, in doing so, provides the basis and reasons, which is consistent with a larger parcel analysis."). The court explained:

> In his Report, Ray included a section titled "Identification of the Subject Property." In that section, the Report states the subject property is approximately 20.915 acres, consisting of three parcels. An overhead view provided in the section shows the three parcels adjoining one another (i.e., showing they are contiguous). The Report also stated that the property (i.e., the three tracts) were owned by Fenton and that the property was owner-operated as the Fenton Inn (i.e., unity of ownership). As to unity of use, the Report states that the highest and best use is as a bed and breakfast, referencing the Fenton Inn (on one parcel), the Innkeeper's House (on a second parcel), along with supporting land area and potential for future development of the bed and breakfast (which would include all three contiguous parcels).

*Id.* at 647–48 (internal citations omitted). This analysis is fulsome in comparison to the cursory conclusion of Gruelle that "these four parcels are considered to be larger parcel" and his rote statement of the standard (unity of ownership, unity of use, and contiguity).

Gruelle's testimony will be excluded to the extent that he values the 7-acre parcel and the 1.5-acre parcel.

### D. MVP's Motion to Exclude Gruelle's First Appraisal and for Summary Judgment[1]

MVP argues that Gruelle's opinion in his first appraisal report is irrelevant and unreliable because it did not account for the fact that MVP had acquired an easement over a portion of the property before it was deeded to the Bohons. In response, the landowners argue that Gruelle's report is reliable because the Turman Parcel MVP Easement was not actually recorded until March

---

[1] Landowners argue that MVP's motion is untimely because it was filed past the deadline in the court's scheduling order. The court expressly granted leave for MVP to file this motion at the May 3, 2022 hearing due to landowners' shifting positions on which Gruelle report they were going to use to establish just compensation. Therefore, the court rejects the landowners' timeliness argument.

13, 2018, which is after March 7, 2018, the date of the taking pursuant to the court's orders of immediate possession. To determine whether the property was encumbered by the Turman Parcel MVP Easement as of the date of the taking would require a legal determination by the court. It is not necessary to reach a legal conclusion on this issue because Gruelle's report is subject to exclusion no matter if the property was encumbered on the date of the taking.

First, assuming that the property was encumbered by the Turman Parcel MVP Easement on the date of the taking, Gruelle used comparable sales for the before value that did not have a pipeline on them, and he did not adjust the sales to account for the fact that the subject property was already partially encumbered. As Gruelle applied a 40% diminution in his appraisal for the after value due to the pipeline, he similarly should have adjusted the before value by 40% under his own logic. For the after value, Gruelle analyzed the property as if it were previously unencumbered (diminishing value by 40%). The after value is therefore unreliable.

Second, assuming that the property was not encumbered by the Turman Parcel MVP Easement on the date of the taking, and that the Bohons did not own the 39.848-acre tract that later became part of the 72.184-acre tract known as MVP Parcel No. VA-MO-022, then Gruelle's report is also unreliable because he based his appraisal on the opposite assumption that the landowners own the entire tract and are entitled to just compensation for all 72.184 acres. This, of course, was the reason that Gruelle issued a second report, which the landowners later disavowed. The suggestion by Bohon's counsel at the hearing that the correct size of the tract is a factual issue for the jury to resolve is nonsensical. An expert must have a reliable foundation for the opinion that is rendered, not a variety of opinions from which the lawyers and the jurors can pick and choose.

Because the landowners failed to meet their burden of proof on the issue of just compensation, summary judgment will be entered in the amount of MVP's expert appraisal by

Joseph Thompson.  *See MVP v. 1.89 Acres (Briarwood)*, Civil Action No. 7:19-cv-078, 2019 WL 6467833 (W.D. Va. Dec. 2, 2019) (granting MVP summary judgment on compensation in amount of its appraisals); *MVP v. 0.15 Acres (Hale)*, Civil Action No. 7:19-cv-00181, 2020 WL 365506, at *4-6 (W.D. Va. Jan. 22, 2020) (same) *aff'd* 827 F. App'x 346 (4th Cir. 2020).  As discussed in the next section, the landowners' motion to exclude Thompson's appraisal will be denied.

**E.  Landowners' Motion in Limine to Exclude the Appraisal Opinion of Joseph Thompson**

This motion is the mirror image of MVP's motion to exclude Gruelle: the landowners argue that Thompson erroneously included the existing MVP easement as of the date of the taking in his analysis.  For the same reasons as previously stated herein, consideration of the existence of MVP's easement over the former Turman tract is appropriate.  Thompson appropriately considered that easement, and he appraised the correct larger parcel which consists of MVP Parcel No. VA-MO-022 (72.184-acre tract that included the former Turman tract) and MVP Parcel No. VA-MN-5233 (10.093-acre tract) (the same tracts considered by Gruelle in his first report) and excluded the two smaller tracts that Gruelle had included in both of his reports.  Therefore, the court will deny landowners' motion to exclude Thompson's opinion.

Importantly, the landowners bear the burden of proving just compensation in this matter. *See, e.g.*, *MVP v. 0.15 Acres (Hale)*, Civil Action No. 7:19-cv-00181, 2020 WL 365506, at *5 (W.D. Va. Jan. 22, 2020).  The landowners did not disclose any witnesses besides Gruelle, whose opinions are now excluded, to testify about value.  The landowners suggested at the hearing that the jury view can be considered evidence.  Jury views, however, cannot be the only evidence of value, and the court has instructed juries accordingly in other condemnation actions.  *See MVP v. 8.47 Acres (Frank Terry)*, Case No. 7:20-cv-00134, Dkt. No. 93 at 21 (instructing the jury that "[i]n weighing the evidence presented, you may consider the facts you acquired from your view of the

property, but the view may not be considered by you as the only evidence in the case. Your award must bear a reasonable relationship to all of the evidence presented"); *see also MVP v. 4.31 Acres (Chandler)*, Case No. 7:19-cv-00679, Dkt. No. 107 at 22 (same).

Thompson found a $20,000 diminution of value based on a before value of $175,000 and an after value of $155,000, plus $953 for the rental value of temporary workspace. (Dkt. No. 41-3.) By moving for summary judgment in the amount of Thompson's appraisal, MVP has essentially conceded that the landowners should be awarded $20,953 in just compensation. Judgment will be entered for the landowners in the amount found by Thompson.

### III. CONCLUSION

For the foregoing reasons, MVP's second motion in limine (Dkt. No. 35) is GRANTED, MVP's motion to exclude Gruelle's first appraisal and for summary judgment (Dkt. No. 49) is GRANTED, and the landowners' motion to exclude Thompson's appraisal (Dkt. No. 53) is DENIED. The court will issue separate orders vesting title to the easements on MVP Parcel Nos. VA-MN-5233 and VA-MO-022.

Entered: September 27, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge