IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:19-cv-00146 |
| | ) | |
| 0.19 ACRES OF LAND, OWNED BY | ) | By: Elizabeth K. Dillon |
| CLETUS WOODROW BOHON AND | ) | United States District Judge |
| BEVERLY ANN BOHON, and 2.74 ACRES | ) | |
| OF LAND, OWNED BY CLETUS | ) | |
| WOODROW BOHON AND BEVERLY | ) | |
| ANN BOHON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On September 27, 2022, the court issued an order granting Mountain Valley Pipeline's (MVP) motion to exclude the first appraisal of defendants' expert, Dennis Gruelle, granting MVP's motion for summary judgment, and denying defendants' motion to exclude the appraisal of MVP's expert, Joseph Thompson. (Dkt. No. 65.) On October 14, 2022, the court issued orders vesting title in the two parcels to MVP and granting just compensation in the amount of $20,884 to defendants. (Dkt. Nos. 66, 67.)

Defendants move to alter or amend the judgment. (Dkt. No. 69.) They move the court to allow Gruelle to testify before the jury and admit either his first or second appraisal or, in the alternative—assuming the court still finds both reports defective and upholds exclusion in whole—reopen discovery, which was closed when the trial was continued, to allow defendants to cure the defects and/or produce a new report which the court would find acceptable and proceed to a jury trial on just compensation. (Dkt. No. 69.) The court held a hearing on this motion on January 3, 2023. (Dkt. No. 80.)

For the reasons stated below, the court will deny defendants' motion.

## I.  BACKGROUND[1]

MVP has condemned an easement over tracts owned by defendants (also referred to herein as the landowners) identified in the main pipeline case complaint (Civil Action No. 7:17-cv-00492) as MVP Parcel Nos. VA-MO-022 and VA-MN-5233.  MVP Parcel No. VA-MO-022 is a 72.184-acre tract.  MVP Parcel No. VA-MN-5233 is a 10.093-acre tract.  MVP is taking temporary workspace of 1.65 acres and a permanent easement of 1.09 acres, for a total of 2.74 acres over MVP Parcel No. VA-MO-022.  MVP is also taking a temporary access easement of 0.19 acres over MVP Parcel No. VA-MN-5233.

In 2015, landowner Cletus Bohon agreed to buy a 39.848-acre tract by deed of boundary line adjustment.  (Dkt. No. 50-2.)  This acreage adjoined a 33.407-acre tract acquired by the landowners in 2003.  (Dkt. No. 50-1.)  The adjoining 39.848 acres was owned by John Michael Turman and other heirs of G.M. Burris.  The property was the subject of a partition case in the Circuit Court of Montgomery County, Virginia.  Case No. CL13-013122.

When the MVP project was announced, the proposed route went through both the 33.407-acre tract and the 39.848-acre tract.  (Dkt. Nos. 1-65 and 1-66 in Case No. 7:17-cv-492.)  To address the project, Bohon and Turman entered into a Settlement Agreement, dated August 11, 2017.  (Dkt. No. 50-4.)  Under this agreement, the parties agreed that Turman would retain the proceeds of the pipeline easement and Bohon would get the 39.848 acres for no monetary payment. (*Id.*)

On December 19, 2019, defendants' expert Gruelle issued his first appraisal report.  (Dkt. No. 41-1.)  Gruelle found that the before value of the Property was $300,935 and the after value of

---

[1] The court adopts and incorporates by reference the factual and procedural background set forth in previous opinions.  (*See* Dkt. Nos. 42, 65.)

the Property was $177,628, for a total diminution in value of $123,307.  Gruelle valued a total of 90.774 acres consisting of four separate parcels: (1) MVP Parcel No. VA-MO-022 (the 72.184-acre tract that included the former Turman tract), (2) MVP Parcel No. VA-MN-5233 (the 10.093-acre tract), (3) a 7-acre tract, and (4) a 1.5-acre tract.  The latter two tracts are not contiguous with Parcel Nos. VA-MO-022 or VA-MN-5233.  Gruelle valued the four parcels together as part of the larger parcel.  In this report, he did not take into consideration the easement on the former Turman property that MVP had already acquired.

Gruelle issued a second report on January 13, 2020.  (Dkt. No. 11-1.)  In this report, Gruelle valued the same four parcels; however, with respect to Parcel No. VA-MO-022, Gruelle ignored the existence of the former Turman tract and only valued 32.336 of the 72.184 acres, for a total of 51.766 acres.  This included a smaller first parcel of 32.336 acres, plus the remaining parcels (10.093 acres, 7 acres, 1.5 acres).  Gruelle again valued these parcels together as part of the larger parcel.  Gruelle found a total diminution of $84,299.  (*Id.* at 38.)  Gruelle corrected and revised the original appraisal because he had not accounted for the fact that MVP had acquired an easement over a portion of the property (former Turman tract) before it was deeded to Bohon.  At the hearing on MVP's second motion in limine, landowners stated that they were withdrawing the corrected and revised report (the second report) and relying on Gruelle's first report.

MVP's expert, Joseph Thompson, appraised the larger parcel as MVP Parcel No. VA-MO-022 (72.184-acre tract that included the former Turman tract) and MVP Parcel No. VA-MN-5233 (10.093-acre tract), without the two lower tracts, and found a $20,000 diminution of value based on a before value of $175,000 and an after value of $155,000, plus $953 for the rental value of temporary workspace.  (Dkt. No. 41-3.)  Thompson's report acknowledged that a portion of VA-MO-022 was already encumbered by the pipeline easement before the taking.  (*Id.* at 31 of 69.)

3

Thompson adjusted each of his comparable sales downward by 5% to account for the pre-existing encumbrance.  (*Id.* at 55 of 69.)  In his after-taking analysis, Thompson applied an additional 10% adjustment to his comparable sales to reflect the additional easements taken by MVP.  (*Id.* at 66 of 69.)

## II.  DISCUSSION

Landowners move to reconsider pursuant to Rule 59(e), within 28 days of the entry of judgment.  Fed. R. Civ. P. 59(e).  Such a motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).  "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Landowners argue that there has been an "intervening change in law" with respect to this court's shift from allowing Gruelle to testify in other cases, to now excluding his entire testimony in this case.  The court's own ruling cannot be an intervening change in the law.  An intervening change must be one that is binding and compels a different conclusion.  *Founders Ins. Co. v. Richard Ruth's B. & Grill LLC*, No. 2:13-cv-3035, 2019 WL 5896429, at *2 (D.S.C. Nov. 12, 2019).  The court's rulings in other cases, involving different parcels of land, are not binding in this case.  Allowing Gruelle to testify in other cases does not compel the court to always allow him to testify.  Landowners also argue that they relied on other instances, specifically the *Flora* matter, where the court admitted Gruelle's reports for this project, and thus there was no reason for the Bohons or their counsel to anticipate that the court would unequivocally exclude the same expert and simultaneously grant summary judgment, leaving no time for the landowners to respectfully ask

the court to reopen discovery and grant leave to amend the reports.  Reliance on something that

happened in another case under different circumstances is not reasonable and, in any event,

provides no grounds to alter the judgment.

Landowners argue further that the *Hale* and *Briarwood* cases (cited by the court) are

distinguishable because, in those cases, no expert reports were disclosed by the landowners.  In this

case, by contrast, Gruelle offered two reports.  The bottom line in *Hale*, *Briarwood*, and this case is

the absence of admissible evidence to support a higher amount of just compensation for the

landowners.  *See MVP v. 0.15 Acres (Hale)*, Civil Action No. 7:19-cv-00181, 2020 WL 365506, at

*5 (W.D. Va. Jan. 22, 2020) ("Ultimately, defendants failed to provide any admissible evidence that

the amount of just compensation exceeds the amount posited by MVP's expert.  MVP is therefore

entitled to summary judgment.").  The failure to offer expert testimony in *Hale* and *Briarwood* is

not a relevant distinction.

Landowners also argue that the court committed clear error by substituting its own

methodology for the expert's and holding that Gruelle "should have adjusted the before value by

40%."  (Dkt. No. 65 at 12.)  The court reasoned that Gruelle's report was inadmissible, whether it

was encumbered by the Turman Parcel MVP Easement or not.

> First, assuming that the property was encumbered by the Turman Parcel
> MVP Easement on the date of the taking, Gruelle used comparable
> sales for the before value that did not have a pipeline on them, and he
> did not adjust the sales to account for the fact that the subject property
> was already partially encumbered.   As Gruelle applied a 40%
> diminution in his appraisal, he similarly should have adjusted the
> before value by 40% under his own logic.  For the after value, Gruelle
> analyzed the property as if it were previously unencumbered
> (diminishing value by 40%).  The after value is therefore unreliable.

(*Id.*)  Landowners argue that the reduction before and after cannot be the same because it would

leave the landowners with just compensation of zero for the additional easements, resulting in no

compensation.  Even MVP's appraiser applied a different reduction percentage for the before and after value to account for the additional easements.  Landowners contend that the issue should be left for cross-examination, or they should be allowed to correct the report.  They further argue that it is not for the court to determine the diminution percentage of impact.  The court was not, by its reasoning, attempting to substitute its own methodology.  Instead, the court was explaining that Gruelle's methodology was unreliable.

The court also excluded Gruelle's testimony in his first appraisal report to the extent that it valued the two lower tracts because he did not perform a larger parcel analysis.  Landowners cite other pages in his report which they claim provide many factual details that describe the use of all four parcels.  (*See* Dkt. No. 41-1 at 6, 8, 9, 15–18.)  The court has reviewed these pages and does not agree that they provide a sufficient factual basis to determine that the lower, non-contiguous tracts can be considered part of the larger parcel.  (*See* Dkt. No. 65 at 10 (explaining that Gruelle's report is "insufficient to establish a factual basis for the conclusion that the lower, non-contiguous tracts can be considered part of the larger parcel for valuation purposes").)  Even if it were sufficient, the court excluded Gruelle's entire first report for the alternative reason that it was unreliable.  (*Id.* at 11–13.)

Finally, landowners contend that it is unclear whether the court has held the second report to be defective or whether the court has not addressed that matter because the landowners withdrew the second report at the hearing.  Respectfully, it is very clear that the court took counsel at his word when he explicitly withdrew the second report and relied instead on the first report.  Landowners then ask to rescind their withdrawal of the second report.  They offer no legal justification for the court to excuse their shifting and convenient litigation positions over the course of this litigation.  Neither does their request fit into any of the justifications to alter or amend a final judgment.

III.  CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that landowners' motion to reconsider (Dkt. No. 69) is DENIED.  The clerk of court is directed to transmit a copy of this memorandum opinion and order to all counsel of record.

Entered: March 31, 2023.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge